UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY BESTER,

                            Plaintiff,

   v.                                9:18-CV-707
                                          (DNH/TWD)

ROBERT TAYLOR,
Correctional Officer,
Great Meadow Correctional
Facility, STAN LAVERGNE,
Correctional Officer, Great
Meadow Correctional Facility,
SCOTT HALL, Correctional
Officer, Great Meadow
Correctional Facility, JAMES
WALKER, Correctional Officer,
Great Meadow Correctional
Facility, JOHN DOE (A),
Correctional Officer, Great
Meadow Correctional Facility, and
JOHN DOE (B), Correctional
Officer, Great Meadow Correctional
Facility,

                            Defendants.

---

APPEARANCES:

ANTHONY BESTER
99-B-0253
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

I. **INTRODUCTION**

This is an initial review of a complaint filed pro se by plaintiff Anthony Bester ("Bester" or "plaintiff"). Dkt. No. 1 ("Compl."). Plaintiff, who is confined in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Attica Correctional Facility, asserts claims arising out of his confinement at Great Meadow Correctional Facility ("Great Meadow C.F.").

II. **DISCUSSION**

A civil action is commenced in federal district court "by filing a complaint." Fed. R. Civ. P. 3. The filing fees must be paid at the time an action is commenced, unless an application for leave to proceed in forma pauperis ("IFP") is submitted to the Court. *See* 28 U.S.C. §§ 1914(a), 1915(a).

The federal statute governing applications to proceed IFP in federal court, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, provides in pertinent part that an application for IFP status must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Local Rule 5.4 of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), a prisoner seeking IFP status in a civil action subject to the PLRA may satisfy this requirement by submitting a completed, signed, and certified IFP application.

N.D.N.Y.L.R. 5.4(b)(1)(A).[1]

Before this action can proceed, the sufficiency of the allegations set forth in Bester's complaint must also be considered. In accordance with 28 U.S.C. § 1915A, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court has a responsibility to determine whether plaintiff may properly proceed with this action.

In reviewing a complaint pursuant to 28 U.S.C. § 1915A, a court may consider whether the claims asserted by the plaintiff are duplicative of claims asserted in another action against the same defendants.[2] It is well-settled that "[a]s part of its general power to

---

[1] A "certified" IFP application is one on which the Certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's facility. The Certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.

[2] The dismissal of an action as duplicative has been found on several occasions to fall within the ambit of the court's power to dismiss a complaint which is frivolous or malicious pursuant to section 1915(e). *See, e.g., Abreu v. Travers*, No. 9:15-CV-0540 (MAD/ATB), 2015 WL 10741194, at *4 (N.D.N.Y. Sept. 14, 2015) (citing cases), reconsideration denied, No. 9:15-CV-0540 (MAD/ATB), 2016 WL 1717204 (N.D.N.Y. Apr. 28, 2016).

administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.").

The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991).

The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *Curtis*, 226 F.3d at 138. As the Second Circuit recognized in *Curtis*, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id*. at 138-39.

Although no precise test has been articulated for determining whether actions are duplicative, *see, e.g., Colorado River*, 424 U.S. at 817, the general rule which has emerged is that a suit is duplicative of another suit if the parties, issues and available relief do not differ significantly between the two actions. Thus, "[c]ourts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn v. Tarnow*, No.

4

06-CV-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).

Upon review, this complaint is repetitive and duplicative of the complaint in *Bester v. Taylor*, No. 9:18-CV-0449 (DNH/TWD) ("*Bester* I"), an action filed by plaintiff in this District on April 12, 2018.

In *Bester* I, plaintiff complains in virtually identical language about the same excessive force incident at Great Meadow C.F. which gives rise to his claims in this action. *See Bester* I, Dkt. No. 1 at 7-8. Both complaints name C.O. Taylor, C.O. Lavergne, C.O. Hall, C.O. Walker, C.O. "Doe (A)" and C.O. "Doe (B)." as defendants and seek an award of thirty-six million dollars in damages. *See Bester* I, Dkt. No. 1 at 1, 8; Compl. at 1, 6.[3] The only difference of substance between the two pleadings is that the complaint in *Bester* I provides the date of the incident (August 24, 2014), whereas the complaint filed in this action does not. *See Bester* I, Dkt. No. 1 at 7; Compl.

Based upon the foregoing, this action is dismissed as duplicative and repetitive of *Bester* I. *See Brown v. Plansky*, 24 Fed. App'x. 26, 28 (2d Cir. 2001) (summary order) (affirming the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint.").

---

[3] In a Decision and Order filed March 22, 2018, this Court reviewed the complaint in *Bester* I in accordance with 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. *Bester* I, Dkt. No. 4 ("May Order"). Because the complaint identified the date of the incident as August 28, 2014, and because the facts alleged by plaintiff were not sufficient toto plausibly suggest that equitable tolling is warranted, the claims appeared to be time-barred and subject to dismissal for failure to state a claim. *Id.*, May Order at 5-7. Plaintiff was afforded thirty days to file an amended complaint in *Bester* I curing the pleading deficiencies identified in the May Order. *Id.*, May Order at 9.

Moreover, dismissal of this action without leave to amend is warranted; *Bester* I is pending and plaintiff has been afforded the opportunity to file an amended complaint in that action if he wishes to pursue his claims. May Order at 9; *see also* Dkt. No. 10.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Upon review in accordance with 28 U.S.C. § 1915A, the complaint is **DISMISSED without prejudice** as duplicative and repetitive of *Bester* I;

2. The Clerk shall enter judgment in accordance herewith; and

3. The Clerk shall serve a copy of this Decision and Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: June 21, 2018
       Utica, New York.

United States District Judge